**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
UNITED STATES OF AMERICA, for the Use
and Benefit of Keller Painting Corp., and
KELLER PAINTING CORP.

                    Plaintiffs,

       -against-
TORCON, INC. and TRAVELERS
CASUALTY AND SURETY COMPANY,

                  Defendants.
---------------------------------------------------------------X

**MEMORANDUOM OF
DECISION & ORDER**
12-CV-1061 (ADS)(ARL)

**APPEARANCES:**

**Law Offices of Marianne Candito**
*Attorney for the Plaintiff United States of America*
47 Riverivew Court
Oakdale, NY 11769

**Hannum Feretic Prendergast & Merlino LLC**
*Attorney for the Plaintiff Keller Painting Corp.*
11 Broadway Suite 300
New York, NY 10004
    By: John Edward Hannum, Esq., Of Counsel

**Peckar & Abramson, P.C.**
*Attorney for the Defendants*
41 Madison Ave, 20th Fl.
New York, NY 10010
    By: Scott G. Kearns, Esq.
        Bruce D. Meller, Esq., Of Counsel

**SPATT, District Judge**.

    Although the parties' familiarity with the underlying procedural history of the case is assumed, a brief review is in order.

# I. BACKGROUND

On March 5, 2012, the United States of America, for the use and benefit of Helmark Steel, Inc., and Helmark Steel, Inc. ("Helmark ") (collectively, the "Helmark Plaintiffs") commenced an action, under case number 12-cv-1061, against the Defendants Torcon, Inc. ("Torcon") and Travelers Casualty and Surety Company ("Travelers") (collectively, the "Defendants") in connection with the Defendants alleged failure to pay Helmark for its work, labor, and materials pursuant to the terms of a subcontract with Torcon related to a construction project at a federal government building (the "Helmark action").

In its answer to the original complaint, the Defendants asserted a "[s]et-off and [c]ounterclaim" against Helmark for failing to perform work required of it under the subcontract with Torcon. (Answer 5–13.)

On May 30, 2012, Helmark filed a third party complaint against Vulcraft of New York, Inc. ("Vulcraft") asserting that Vulcraft, who supplied paint primer material to Helmark in connection with its engagement by Torcon, should indemnify Helmark for any damages or attorneys' fees in connection with defending against the Defendants' counterclaim. (Third Party Compl. at ¶¶ 10–19, Dkt. No. 10.) On August 30, 2012, the Court so ordered a stipulation by Helmark and Vulcraft to stay proceedings against Vulcraft pending arbitration. (Dkt. No. 24.)

In a related action, under case number 12-cv-6291, the Plaintiffs United States of America, for the use and benefit of Keller Painting Corp., and Keller Painting Corp. (collectively, the "Keller Plaintiffs"), asserted claims against the Defendants arising from the same construction project (the "Keller Action"). On January 18, 2013, the Defendants asserted counterclaims against the Keller Plaintiffs for failing to perform work required of it under the subcontract with Torcon. (12-cv-6291, Dkt. No. 7.)

On February 14, 2013, the Court granted a joint motion pursuant to Fed. R. Civ. P. 42(a) to consolidate the Keller and Helmark Actions under the case number 12-cv-1061 and approving an amended caption. (Dkt. No. 29.) On February 15, 2013, the Helmark and Keller Plaintiffs filed an amended consolidated complaint against the Defendants. (Dkt. No. 31.)

On April 16, 2014, the Court approved a stipulation voluntarily dismissing the claims of the Helmark Plaintiffs against the Defendants and all counterclaims by the Defendants against the Helmark Plaintiffs (Dkt. No. 52.) Pursuant to the order, the Court also approved an amended caption, which eliminated the Helmark Plaintiffs from the caption. The proposed order was signed by the Helmark Plaintiffs and the Defendants but not the Keller Plaintiffs.

On November 17, 2014, the Defendants filed a letter seeking an order by the Court directing Keller to sign a pre-trial order. (Dkt. No. 75.) On the same day, the Keller Plaintiffs filed a letter in response stating that that they will not sign the Defendant's proposed pre-trial order because they object to the amended caption approved by the Court on April 16, 2014. (Dkt. No. 77.)

## II. DISCUSSION

In their November 17, 2014 letter, the Keller Plaintiffs argue that the Court's April 16, 2014 order approving the amended caption was invalid because (1) the Keller Plaintiffs did not consent to the order and (2) both parties will be required to submit evidence related to the Helmark Plaintiffs at trial. (Dkt. No. 77.)

To the extent the Keller Plaintiffs' letter could be conceived of as a motion to reconsider the Court's April 16, 2014 order, it is untimely. Motions for reconsideration are governed by Local Civil Rule 6.3 and are entrusted to the discretion of the court. Darnley v. Ameriquest Mortgage Co., No. 06-CV-4265 (DLI), 2010 WL 1037971, at *1 (E.D.N.Y. Mar. 17, 2010)

(citing McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir.1983)). In general, "the standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. (internal quotation marks and alteration omitted) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995)).

In the interest of finality, Local Civil Rule 6.3 provides that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen . . . days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen . . . days after the entry of the judgment." The Keller Plaintiffs filed the present motion seven months after the Court's April 16, 2014 order approving the amended caption and therefore have waived any objection to the Court's order.

Even if the Keller Plaintiff had not waived their objections to the order, they fail to point to any factual matters or controlling precedent that this court overlooked in issuing its April 16, 2014 order. Nor do the Keller Plaintiffs contend that there is any manifest injustice that has resulted from the Court's order approving the amended caption. Indeed, the Court finds the amended caption that it approved in its April 16, 2014 order to be entirely accurate. Pursuant to the stipulation, the Helmark Plaintiffs were no longer parties to the litigation — they voluntarily withdrew their claims against the Defendants, and the Defendants withdrew their counterclaims against the Helmark Plaintifffs. As such, there was no reason for the Helmark Plaintiffs to be included in the caption, nor was there any reason that the Keller Plaintiffs had to consent to the amended caption.

4

The Court further notes that the fact that the Helmark Plaintiffs were not included in the amended caption will not prevent or inhibit either party from presenting otherwise admissible evidence at trial regarding them. Therefore, the Court finds the Keller Plaintiffs' argument to be unsupported by law or fact.

For the foregoing reasons, the Court finds that the caption reflected in docket number 76 and approved by this Court on April 16, 2014 to be correct.

Accordingly, the Court orders the Defendants to re-submit their proposed pre-trial order to Judge Lindsay by November 25, 2014.

**SO ORDERED.**
Dated: Central Islip, New York
November 18, 2014

                                       _/s/Arthur D. Spatt_
                                         ARTHUR D. SPATT
                                     United States District Judge